# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER:   8:05-cr-154-T-23TBM
USM NUMBER:

vs.

JARVIS Z. WRIGHT

Defendant's Attorney:   Rochelle Reback, ret

THE DEFENDANT:

_X_ pleaded guilty to counts ONE and FIVE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Steal United States Mail and to Commit Bank Fraud | December 21, 2004 | ONE |
| 18 U.S.C. § 1344 | Bank Fraud | March 3, 2003 | FIVE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_X_ Counts six, twelve, and thirteen are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: May 30, 2006

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: May _3rd_, 2006

AO 245B (Rev 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: JARVIS Z. WRIGHT | Judgment - Page 2 of 6 |
| Case No.: 8:05-cr-154-T-23TBM | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWENTY-SEVEN (27) MONTHS as to counts one and five; all terms to run concurrently.**

__X__ The court makes the following recommendations to the Bureau of Prisons: incarceration at FCI Coleman, Florida

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    __X__ within thirty (30) days.
    __X__ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy Marshal

Defendant: JARVIS Z. WRIGHT                                                        Judgment - Page 3 of 6
Case No.: 8:05-cr-154-T-23TBM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of SIXTY (60) MONTHS. The term consists of THIRTY-SIX (36) MONTHS as to count one and SIXTY (60) MONTHS as to count five.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__   The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3C - Supervised Release

| | | |
|---|---|---|
| Defendant: | JARVIS Z. WRIGHT | Judgment - Page 4 of 6 |
| Case No.: | 8:05-cr-154-T-23TBM | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program, the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.

X   Until such time as the restitution is paid in full, the defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X   The defendant shall provide the probation officer access to any requested financial information.

| Defendant: | JARVIS Z. WRIGHT | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:05-cr-154-T-23TBM | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $200.00 | $ waived | $45,908.37 |

 —   The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

 —   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bank of America<br>Attn: Gary Collins<br>Corporate Investigations<br>390 N. Orange Avenue<br>Orlando, FL 32801 | | $ 12,905.03 | |
| Wachovia Bank<br>Attn: Restitution Coordinator<br>Mail Code VA 9613<br>1021 E. Cary Street<br>Richmond, VA 23219 | | $ 23,669.34 | |
| First Citizens Bank | | $ 4,834.00 | |
| National Bank | | $ 4,500.00 | |
| Totals: | $ | $ 45,908.37 | |

**X**   Restitution amount ordered pursuant to plea agreement   $ __45,908.37__ .

 —   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

 —   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    —   the interest requirement is waived for the ___ fine ___ restitution.

    —   the interest requirement for the ___ fine ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| Defendant: | JARVIS Z. WRIGHT | Judgment - Page 6 of 6 |
|---|---|---|
| Case No.: | 8:05-cr-154-T-23TBM | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__  Lump sum payment of $ __200.00__ (special assessment) due immediately, balance due

   ___ not later than _____, or

   ___ in accordance  ___ C,  ___ D,  ___ E or  ___ F below; or

B.  ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  __X__  Special instructions regarding the payment of criminal monetary penalties:

   RESTITUTION: $45,908.37. While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his or her monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $250 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__  Joint and Several

   Defendant: Jarvis Z. Wright (3), Co-defendants: Jonathan R. Counts (1) and Donald Hicklin, Jr.(2), Case No. 8:05-cr-154-T-23TBM  - $45,908.37

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_  The defendant shall pay the cost of prosecution.

_  The defendant shall pay the following court cost(s):

__X__  The defendant shall forfeit the defendant's interest in the following property to the United States:

   Pursuant to the Forfeiture Money Judgment in the amount or $84,500.00 (Doc. 94) attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 8:05-cr-154-T-23TBM |
| JARVIS Z. WRIGHT, | : |
| Defendant. | : |

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court on Motion of the United States of America for Entry of a Forfeiture Money Judgment in the amount of $84,500.00, which, at sentencing, shall be a final order of forfeiture as to defendant Jarvis Z. Wright. The Court, being fully advised in the premises, hereby finds as follows:

1. That the defendants obtained $84,500.00 from the conspiracy to commit bank fraud, contrary to the provisions of 18 U.S.C. § 1344, in violation of 18 U.S.C. § 371, as charged in Count One of the Indictment.

2. That pursuant to his plea agreement, defendant Jarvis Z. Wright pled guilty to Counts One and Five of the Indictment and agreed to the entry of a forfeiture money judgment in the amount of $84,500.00 USD, pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A), for which defendant Jarvis Z. Wright is jointly and severally liable with defendants Donald Hicklin, Jr., and Jonathon R. Counts. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion is **GRANTED**.

It is FURTHER **ORDERED** that defendant Jarvis Z. Wright is jointly and severally liable to the United States of America, along with defendants Donald Hicklin, Jr., and Jonathon R. Counts, for a forfeiture money judgment in the amount of $84,500.00 USD, pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A).

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of any property, belonging to the defendant, that the United States is entitled to seek as substitute assets up to the amount of such forfeiture money judgment, and to entertain any third party petitions that may be filed in those proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this ___30th___ day of ___May___, 2006.

_____
HON. STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:   Anita M. Cream, AUSA
             Attorneys of Record